## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DAWINDER S. KHEHRA, | § | |
| Individually and as Personal | § | |
| Representative of the Estate of | § | |
| Balraj K. Khehra, | § | |
| Plaintiff, | § | CIVIL ACTION NO. H-13-0104 |
| | § | |
| v. | § | |
| | § | |
| UNUM LIFE INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Remand [Doc. # 6] filed by

Plaintiff Dawinder S. Khehra, to which Defendant Unum Life Insurance Company of

America ("Unum") filed a Response [Doc. # 7]. Plaintiff neither filed a reply nor

requested additional time to do so. Having considered the full record and applied

governing legal authorities, the Court **denies** Plaintiff's Motion to Remand.

## I.    BACKGROUND

Plaintiff alleges that his wife, Balraj K. Khehra, was covered by a life insurance

policy issued by Unum. Plaintiff alleges that he filed a claim for the insurance

benefits following his wife's death, and Unum failed to pay the claim.

Plaintiff filed this lawsuit in Texas state court on December 17, 2012, asserting claims under the Texas Deceptive Trade Practices Act, Article 21.21 of the Texas Insurance Code and, alternatively, for breach of contract.  Defendant was served with the summons and Plaintiff's petition on December 20, 2012.  *See* Notice of Removal [Doc. # 1-1], p. 5.

Defendant filed a timely Notice of Removal [Doc. # 1] on January 14, 2013, removing this lawsuit to federal court.  Defendant asserts federal subject matter jurisdiction based on a federal question, specifically the Employee Retirement Income Security Act of 1974 ("ERISA").  Defendant asserts subject matter jurisdiction also on the basis of diversity of citizenship.  Plaintiff filed his Motion to Remand, which is now ripe for decision.

## II.    <u>GENERAL REMOVAL PRINCIPLES</u>

"'Federal courts are courts of limited jurisdiction.'"  *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'"  *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)).  The court "must presume that a suit lies outside this limited

jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 832 (E.D. Tex. 2008) (quoting *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377)); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

## III.   DIVERSITY JURISDICTION ANALYSIS

Federal jurisdiction based on diversity of citizenship requires complete diversity between plaintiff and defendant. *See* 28 U.S.C. § 1332; *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553-54 (2005); *Stiftung v. Plains Marketing, L.P.*, 603 F.3d 295, 297 (5th Cir. 2010). In this case, Plaintiff is a citizen of Texas and Defendant is a citizen of Maine. Consequently, there is complete diversity between Plaintiff and Defendant.

Diversity jurisdiction requires also that the amount in controversy exceed $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Plaintiff argues that the amount in controversy does not exceed the jurisdictional amount because the amount of life insurance under the Unum policy was only $50,000.00. Plaintiff is seeking, however, treble damages and attorney's fees. *See* Original Petition [Doc. # 1-1], ¶ IX. As a result, the amount in controversy is at least $50,000.00 trebled, or $150,000.00. This exceeds the Court's jurisdictional amount. The Court has subject

matter jurisdiction based on diversity of citizenship pursuant to § 1332, and remand is not appropriate.

## III.   <u>CONCLUSION AND ORDER</u>

There exists complete diversity between Plaintiff and Defendant.  The amount in controversy exceeds $75,000.00, exclusive of interest and costs.  The Court, therefore, has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332, and it is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 6] is **DENIED**.  The case remains scheduled for an initial pretrial conference on **April 1, 2013, at 1:30 p.m.**

SIGNED at Houston, Texas, this <u>19</u>th day of **March, 2013**.

Nancy F. Atlas
United States District Judge